UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KARVIA A. HAMILTON, 04A5214,

                            Plaintiff

-vs-                                            DECISION AND ORDER
                                                                       10-CV-6234  CJS
M. ERHARDT, et al,

                            Defendants
_____

      Karvia Hamilton ("Plaintiff") is a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff maintains that Defendants violated his federal constitutional rights by forcing him to shave his beard, in violation of his Rastafarian religious beliefs. Defendants counter that Plaintiff failed to obtain a "beard permit" in accordance with DOCCS' regulations. The Court denied in part Defendant's motion to dismiss Plaintiff's claims, and a trial is scheduled to begin on April 8, 2012. Now before the Court is Plaintiff's application for appointment of counsel. The application is denied.

      Plaintiff maintains that appointment of counsel is warranted for the following reasons: 1) he doesn't "know certain laws governing Federal District Court[s]"; 2) he was under the assumption that the Court would appoint him counsel once his claims survived the motion to dismiss; 3) he had "difficult[y] articulating [his] damages" during a recent video conference with the Court; 4) it "[s]ometimes . . . can be difficult to get inside the facility law library"; 5) he doesn't understand "most of the legal terms" that were used during the aforementioned conference"; and 6) he doesn't understand the Court's Pre-trial Order.

1

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
> 4. Whether the legal issues involved are complex; and
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Having considered all of the foregoing factors, the Court finds that appointment of counsel is not warranted in this case. Plaintiff's claim may have some merit, since it is unclear whether he complied with DOCCS' regulations concerning religious exemptions for beards. However, the case is relatively simple and straightforward, and Plaintiff has already demonstrated that he is able to present his claims and counter Defendants' arguments. Moreover, the reasons that Plaintiff has offered in support of his application are not persuasive. For example, the Court has used the same Pre-trial Order for years in numerous *pro se* prisoner cases, and it cannot recall any other instance in which an inmate claimed that the Order was difficult to understand.

Accordingly, Plaintiff's application for appointment of counsel is denied.

SO ORDERED.

Dated: Rochester, New York
January 10, 2013

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge